IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANN E. ATWOOD,<br><br>                      Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                      Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:15-cv-431 BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

District Judge Robert J. Shelby referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)91)(B).[1] Plaintiff Ann E. Atwood ("Ms. Atwood") seeks judicial review of the determination of the Commissioner of the Social Security Administration (the "Commissioner"), wherein her application for Social Security Disability was denied. After careful consideration of the written briefs, the administrative record, and relevant legal authorities, the Court has determined that oral argument is unnecessary and issues the following Report and Recommendation RECOMMENDING that the District Court REVERSE AND REMAND the decision of the Commissioner.

On February 9, 2012, Ms. Atwood filed an application for Social Security Disability Benefits, alleging disability beginning January 12, 2006, the date in which Ms. Atwood was involved in an automobile accident.

This case involves a very short period of time between when Ms. Atwood claimed she became disabled—January 12, 2006—and the date last insured, June 30, 2006. Ms. Atwood must, therefore, establish that she was disabled in the six-month period between January and

---
[1] Docket no. 20.

June 2006.[2] Evidence dated after June 30, 2006 is only relevant insofar as it clearly relates back to the time period before that date.[3]

Ms. Atwood was 46 years old at the time of her date last insured. She was a college graduate and had past relevant work as an accountant office manager and general ledger accountant.[4] She claims disability beginning January 12, 2006, due to post traumatic stress disorder, generalized anxiety disorder, depression, panic attack disorder, anxiety, sleep apnea, diabetes, herniated discs, trigger finger, carpal tunnel syndrome, and crushed sinuses.[5] The ALJ issued a decision on October 28, 2013, finding Ms. Atwood was not disabled. The claimant filed a request for review by the appeals council, which was denied. The timely appeal to this court followed.

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the ALJ's factual findings and whether the correct legal standards were applied.[6] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all evidence.[8] In reviewing the ALJ's decision the Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[9] The Court, however, may neither "reweigh the evidence [n]or substitute [its]

---

[2] *See* 42 U.S.C. § 423(c)(1)); 20 C.F.R. §§ 404.131(a), 404.320(b)(2)
[3] *Huston v. Bowen*, 838 F.2d 1125, 1127 (10th Cir. 1988).
[4] Admin Record at 28, 165, 176 (available at docket no. 13).
[5] *Id*. at 175.
[6] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[7] *Id*. (citation omitted).
[8] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[9] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

judgment for the [ALJ's]."[10] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[11] Further, the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[12]

Under the Social Security Administration's regulations, the ALJ applies the familiar five step sequential evaluation process to determine whether a claimant is disabled.[13] The first two steps are satisfied if the claimant has not engaged in substantial gainful activity since the alleged onset of disability and suffers from a severe impairment.[14] At step three, the claimant's impairments are examined against a Listing of Impairments ("Listing").[15] If the claimant's impairments meet or equal a Listing, disability is established.[16] If a Listing is not met or equaled, the evaluation moves on to steps four and five where an assessment is made of the claimant's residual functional capacity ("RFC").[17] At step four, the ALJ determines whether the claimant can perform any past relevant work. If the claimant cannot, the evaluation moves on to step five, where the ALJ decides whether the claimant can perform other work that exists in significant numbers in the economy. If there is no work that the claimant can perform, disability is established.

The claimant has the burden of proof on the first four steps with the burden shifting to the Commissioner on the fifth. At step five, the Commissioner has the burden of showing the claimant's RFC is adequate to perform other work that is available in significant numbers in the regional or national economies. If the Commissioner fails to make this showing, an award of

---

[10] *Lax*, 489 F.3d at 1084 (citation omitted).
[11] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).
[12] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).
[13] *See* 20 C.F.R. §§404.1520, and 416.920.
[14] *See* 20 C.F.R. §§ 404.1520(b)(c) and 416.920(b)(c).
[15] *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d).
[16] *See id.*
[17] *See* 20 C.F.R. §§404.1520(e)(f) and 416.920(e)(f).

disability benefits is appropriate.[18]

## BACKGROUND

In the present case, the ALJ found at step one that Ms. Atwood did not engage in substantial gainful activity from the date of her alleged disability onset through her date last insured. At step two, the ALJ concluded that Ms. Atwood's mental difficulties and musculoskeletal issues were both severe impairments.[19] At step three, the ALJ determined that Ms. Atwood's impairments did not equal a listing. At Step four and five, the ALJ found that the claimant had the RFC to perform a "full range of simple, light work,"[20] found that Ms. Atwood could not complete past relevant work, and determined that a finding of "not disabled" was directed by 20 C.F.R. § Pt. 404, Subpt. P, App. 2 (the "Grids"). [21]

## ANALYSIS

Plaintiff raises numerous issues on appeal. (1) that the hearing transcript was not adequately preserved, (2) that the ALJ should have had a vocational expert testify to vocational matters, (3) that the ALJ improperly assessed the weight of treating and examining physicians, (4) that the ALJ failed to include all of the Plaintiff's impairments at step two, (5) that the ALJ failed to properly evaluate Plaintiff's Residual Functional Capacity, and (6) that the ALJ improperly found that Plaintiff did not meet or equal a listing.

At the outset, the Court notes the ALJ's opinion in this case is internally inconsistent. Specifically, at step two the ALJ found that "[t]hrough the last date insured" the claimant had both "musculoskeletal and mental difficulties." Yet at step three, the ALJ determined that "the medical record contains no evidence of the claimant's mental status before her date last insured,

---

[18] *See id.*; *see also, Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).
[19] Admin. Record at 26–27.
[20] Admin Record at 27.
[21] Admin Record at 27–29.

other than opinions rendered much later . . ."[22]

The ALJ's opinion in inconsistent in another way as well. At step four and five, the ALJ relied on the Grids, which consider only impairments that result in exertional or strength limitations and are not appropriate where nonexertional impairments are present. Therefore, the ALJ's finding at step two that Ms. Atwood's severe impairments include both musculoskeletal and mental difficulties is inconsistent with the ALJ's reliance on the Grids, which is only appropriate where nonexertional impairments are present. Social Security Rule 84-14 clarifies how the Grids are to be used as a framework for decisionmaking where a person has both a severe exertional impairment and a nonexertional limitation or restriction.[23]

The claimant argues that this inconsistency supports a remand. She argues that the use of the Grids was inappropriate for this case because Ms. Atwood has non-exertional impairments as well as exertional impairments. The defendant argues that the ALJ did not err and if he did, argues that such error is harmless.

For the reasons set forth more fully below, the Court recognizes that Plaintiff's fifth argument above is dispositive. Having determined that the ALJ erred in applying the Grids in determining Plaintiff's RFC, the Court will not reach the merits of the other five arguments.[24]

1. **The ALJ Failed to properly evaluate Plaintiff's Residual Functional Capacity.**

In determining a claimant's RFC, an ALJ must consider all of the claimant's impairments, including impairments that are not severe.[25] Because at step two the ALJ found

---

[22] Admin Record at 27.
[23] SSR 83-14 ("No table rule applies to direct a conclusion of "Disabled" or "Not disabled" where an individual has a nonexertional limitation or restriction imposed by a medically determinable impairment. In these situations, the table rules are used, in conjunction with the definitions and discussions provided in the text of the regulations, as a framework for decisionmaking.").
[24] The Court recognizes that the resolution of Plaintiff's fifth argument may actually implicate Plaintiff's second argument, and perhaps others but does not independently address those arguments in this Report and Recommendation.
[25] 20 C.F.R. 404.1520(e); 20 C.F.R. 404.1545; Social Security Rule 96-8p.

that Plaintiff had two severe impairments, musculoskeletal and mental difficulties, the ALJ was required to consider Ms. Atwood's musculoskeletal and mental problems (among other impairments) in determining her RFC.

In determining Ms. Atwood's RFC, The ALJ found that Ms. Atwood "had the residual functional capacity to perform the full range of simple, light work as defined in 20 CFR 404.1567(b)."[26] Notably, 20 C.F.R 404.1567(b) addressed only physical exertional requirements. The ALJ did not specifically address 20 C.F.R. 404.1568, which addresses skill requirements, although the Commissioner argues that the ALJ considered Ms. Atwood to be limited to "unskilled work" by his finding that she could perform only "simple" work. [27] However, there is no mention of "mental difficulties," which the ALJ found to be severe, nor any mention of other nonexertional limitations. In any case, the ALJ then directly applied Rule 202.21 and Rule 202.14 of the Grids, to determine that Ms. Atwood was not disabled.

In 1978 the Secretary promulgated medical-vocational guidelines—the Grids—as a tool for considering a claimant's RFC—the functional level of work that one is physically able to perform on a sustained basis—taking into account age, education, and work experience.[28] "[S]ome claimants may possess limitations that are not factored into the guidelines" and can only be relied on when "they describe a claimant's abilities and limitations accurately."[29] "In addition, because the [G]rids consider only impairments that result in exertional or strength limitations, they may not be fully applicable where other, nonexertional impairments are present."[30] "Mental impairments, such as the ability to understand, to carry out and remember instructions, and to respond appropriately to supervision, co-workers and work pressures in a

---

[26] Admin Record at 27.
[27] *Id.*
[28] *Channel v. Heckler*, 747 F.2d 577, 578 (10th Cir. 1984).
[29] *Heckler v. Campbell*, 461 U.S. 458, 462 n. 5 (1983).
[30] *Channel,* 747 F.2d at 580.

work setting are likewise nonexertional, as are psychiatric disorders [and others]."[31]  In addition, "When the limitations and restrictions imposed by your impairments . . . affect your ability to meet both the strength and demands of the jobs other than the strength demands, we consider that you have a combination of exertional and nonexertional limitations or restrictions."[32]  "If your impairments and related symptoms . . . affect your ability to meet both the strength and demands of jobs other than the strength demands, we will not directly apply the [Grids] unless there is a rule that directs a conclusion that you are disabled based upon your strength limitations; otherwise the [Grids] provide a framework to guide our decision."[33]

The evidence before the Court conclusively provides that the ALJ utilized the Grids to direct a finding of non-disabled without considering Ms. Atwood's nonexertional limitations. Because the Grids can serve only as a framework when a claimant has both exertional and nonexertional limitations, it was an error for the ALJ to do so.

The undersigned next considered whether the ALJ's application of the Grids constitutes harmless error but cannot make such a finding as the ALJ determined at step two that Ms. Atwood's musculoskeletal and mental difficulties were both severe impairments.

## CONCLUSION & ORDER

Considering the foregoing, the undersigned HEREBY RECOMMENDS a REMAND because the ALJ failed to properly consider the claimant's nonexertional limitations by applying the Grids.  Even though the ALJ held that Ms. Atwood had mental difficulties at step two of the sequential evaluation, the ALJ failed to include any such nonexertional limitations in his RFC determination and applied the Grids for a finding of non-disabled despite the fact the ALJ agreed

---

[31] *Id*. (citations omitted).
[32] 20 C.F.R. § 404.1569a
[33] *Id.*

that there were nonexertional limitation.[34]  A remand is required so that nonexertional limitations can be properly considered, likely with the assistance of a vocational expert, which was not utilized in this case previously.

### NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[35]  Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to the magistrate judge's report, for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.   Failure to object may constitute waiver of objections upon subsequent review.

Dated this 27th day of June, 2016.

                                            Brooke C. Wells
                                            United States Magistrate Judge

---

[34] The ALJ's finding at step two that Ms. Atwood had a severe impairment, notably "mental difficulties" required the ALJ to take that impairment (indeed all impairments) into consideration in determining the RFC.

[35] *See* 28 U.S.C. § 636(b)(1); F.R.C.P. 72(b).